NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-786

NIKITA ANDREYEVICH KRASILNIKOV

<u>vs</u>.

COMMISSIONER OF REVENUE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This case concerns the Appellate Tax Board's (board) decision affirming the Commissioner of Revenue's (commissioner) denial of a request by the appellant, Nikita Andreyevich Krasilnikov (taxpayer), for an abatement of his 2019 personal income taxes.

Background. The taxpayer claimed on his 2019 State income tax return a deduction of $15,515 for alleged theft losses related to his trade or business. In his testimony before the board, as it was described in the opinion of the board, and in a written statement he submitted to the commissioner, the taxpayer alleged that the motor vehicle from which he conducts his mobile sauna business was given to a mechanic for repair of a

transmission in 2019.  He alleged that the mechanic refused to return the vehicle, and he brought a criminal complaint against the mechanic, which the record shows was issued and then ultimately dismissed.  At the end of the 2019 tax year, the taxpayer had not recovered the vehicle.

Although the record does not explain how, the taxpayer did recover the vehicle in January 2020.  He discovered that the transmission was not repaired, and that the mechanic had done some further damage to the vehicle.  Although they were not in the record before the board, we note, as does the commissioner, that an invoice and letter the taxpayer included in the record appendix from a different mechanic concluded that "whoever worked on the Vehicle prior to me did a great disservice to its Owner.  In fact, very little work was done, some parts were missing, and this caused me to have to do additional work."

According to the taxpayer, the amount paid to the unsatisfactory mechanic was $5,000, and the cost of the repairs by a different mechanic was $9,515.  Adding $1,000 for what is described by the parties as an insurance deductible for a repair on a different vehicle, the taxpayer deducted on his 2019 State income tax return $15,515 from his income for what he characterized as theft of property related to his trade or business.

On April 8, 2022, the commissioner sent the taxpayer a Notice of Selection for Audit. It is uncontested that the taxpayer submitted several Federal tax forms in his response to the Notice of Selection for Audit. These included his 2019 Form 1040 and Form 4684, on which he listed this same amount as a deduction related to "[l]osses from casualty or theft."

The notice of audit determination from the Department of Revenue disallowed the taxpayer's claimed deduction and stated, "The Schedule Y line 9 deduction will remain disallowed. Casualty losses are not an allowable deduction for MA purposes." The taxpayer therefore was assessed an additional $784 of tax owed, plus penalties and interest. As of the assessment date, July 18, 2022, the total was $915.31.

On August 16, 2022, the taxpayer filed a memorandum titled "Requisition to Invalidate Audit Determination." The commissioner construed the document as a request for abatement and denied the taxpayer's request on April 28, 2023. The stated basis for the denial was that "The Taxpayer failed to substantiate his casualty/theft loss. The Taxpayer has not demonstrated that the claimed loss deduction was related to his trade or business." There was no mention of an inadequacy in his submission to the commissioner with respect to documenting the costs he incurred.

3

The taxpayer appealed from the denial of his request to the board on June 27, 2023. Following a hearing where the taxpayer testified on his own behalf, the board concluded that "[t]he appellant did not submit to the Commissioner or to the Board any detail or documentation supporting the denied deduction, including, but not limited to: receipts, itemized bills, credit card statements, and insurance documentation. The Board ruled that the appellant's resuscitation of his interpretation of the facts did not constitute substantiation. Therefore, the Board ruled that the appellant failed to substantiate his claim to business deduction for the tax year at issue, as was his burden."

Discussion. 1. Supporting documentation. The original reason provided in the commissioner's Notice of Audit Determination appears, as the taxpayer argues, to be in error. The notice concluded that "Casualty losses are not an allowable deduction for MA purposes." In his brief before us, the commissioner states, "[S]tate law permits a deduction for theft losses parallel to the [F]ederal deduction. G. L. c. 62, § 2 (d) (1)." The abatement was denied by the commissioner on a different ground, that "The Taxpayer failed to substantiate his casualty/theft loss. The Taxpayer has not demonstrated that the claimed loss deduction was related to his trade or business." And the board said the taxpayer did not submit to the

4

commissioner or the board, "any detail or documentation supporting the denied deduction, including, but not limited to: receipts, itemized bills, credit card statements, and insurance documentation."  The board has articulated an adequate basis for denial of the deduction.

Before us, though, the taxpayer argues that, as a matter of fact, he did submit materials, including receipts, to the commissioner.  He has included in his record appendix bills, checks, and itemized expenses for costs allegedly incurred that relate to the claimed deduction.  In an affidavit attached to a separate motion by the taxpayer to stay this appeal and remand to the board or the commissioner for further factual findings, the taxpayer swears that, "On May 9, 2022, I transmitted to the Massachusetts DOR, Audit Division, a packet of evidentiary materials supporting my . . . deduction for the tax year at issue.  Those materials included, among other items, my [F]ederal income tax return for the relevant year and Form 4684, valuation notes, receipts, criminal case records, computation worksheets, and an explanation of the deductions."  He attests that these are the same materials submitted in the record appendix.

In his brief, the commissioner asserts that the board found as a fact that the taxpayer had not submitted the necessary documentary evidence.  A motion to stay the appeal and remand

5

for further proceedings filed by the taxpayer may be read to say that, despite the board saying in its decision that the taxpayer had not submitted these materials, the question was not litigated below.

We may assume that if that were true, it might be proper to remand the case for an evidentiary hearing and determination of the issue. The taxpayer, however, has not provided us with a transcript of the proceedings before the board, which would allow us to evaluate whether and, if so, how the issue of what was submitted to the commissioner arose before, and was addressed at the hearing by the board. Although we recognize the taxpayer is pro se, it is, nonetheless, "the appellant's responsibility to ensure that the record is adequate for appellate review." Roby v. Superintendent, Mass. Correctional Inst., Concord, 94 Mass. App. Ct. 410, 412 (2018), quoting Commonwealth v. Woody, 429 Mass. 95, 97 (1999). Consequently, because the taxpayer has not shown the finding of fact to be

clearly erroneous, we must accept it.  The decision of the Appellate Tax Board is affirmed.[1]

So ordered.

By the Court (Rubin, Shin & Singh, JJ.[2]),

*Paul Little*

Clerk

Entered:  July 10, 2026.

---

[1] Given our conclusion, we need not reach the taxpayer's other arguments, including that the Massachusetts tax code is unconstitutionally vague.

[2] The panelists are listed in order of seniority.